## UNITED STATES' DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the | ) | |
| STATE OF KANSAS ex rel. | ) | |
| KANSAS DEPARTMENT OF HEALTH AND | ) | |
| ENVIRONMENT, AND ROBERT MOSER, M.D., | ) | |
| AS SECRETARY OF THE KANSAS | ) | |
| DEPARTMENT OF HEALTH | ) | |
| AND ENVIRONMENT, | ) | NO:  6:12-cv-01146-EFM-KMH |
| | ) | |
| Plaintiffs, | ) | CONSENT DECREE |
| | ) | |
| v. | ) | |
| | ) | |
| E. I. du Pont de Nemours and Company | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This Consent Decree (Consent Decree) is made and entered into by and among the United States of America (the United States), on behalf of itself and the Department of the Interior (DOI) in its capacity as trustee for federal Natural Resources, and the State of Kansas by and through the Kansas Department of Health and Environment (KDHE) and Robert Moser, M.D., as, Secretary of KDHE in their capacity as trustee for state Natural Resources in Kansas (Kansas) (collectively, the Plaintiffs), and E. I. du Pont de Nemours and Company (DuPont or Settling Defendant).

## INTRODUCTION

A.    The United States, on behalf of DOI in its capacity as trustee for federal Natural Resources and Kansas, on behalf of KDHE and the Secretary of KDHE in their capacity as trustee for state Natural Resources in Kansas, concurrently with the filing of this Consent Decree have joined in filing a Complaint in this action under Section 311(f) of the

federal Water Pollution Control Act (Clean Water Act or CWA), 33 U.S.C. § 1321(f), and various State laws, seeking the recovery of Natural Resource Damages, including damage assessment costs, for injury to, destruction of, and loss of Natural Resources resulting from discharges of hazardous substances into the environment.

B.     The Complaint alleges that the Settling Defendant is the successor to or otherwise legally responsible for, the activities of the owners and/or operators of certain mining properties located at the Waco Subsite of Cherokee County, Kansas Superfund Site (the Waco Kansas Site).

C.     Plaintiffs allege that there have been discharges of hazardous substances from these mining properties into navigable waters at the Waco Kansas Site in Cherokee County, Kansas.

D.     Plaintiffs further allege that these discharges of hazardous substances from the mining properties have resulted in elevated levels of lead, cadmium and zinc in the soils, groundwater and surface water in such amounts as to cause injury, harm and loss to various natural resources at the Waco Kansas Site including but not limited to terrestrial habitats and navigable waters at the Waco Kansas Site in Cherokee County, Kansas.

E.     The Settling Defendant does not admit any liability arising out of the transactions or occurrences alleged in the Complaint, including the alleged discharge of hazardous substances and Natural Resource Damages.

F.     The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that implementation of this Consent Decree will avoid prolonged and complicated litigation

between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties to this Consent Decree, it is hereby  ORDERED, ADJUDGED AND DECREED:

## I.  JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1345, and 1367, 33 U.S.C. § 1321(e)(2); K.S.A. 65-3452a *et seq.*, K.S.A. 65-3430 *et seq.*, K.S.A. 65-161 *et seq.,* and that the Court has personal jurisdiction over the Settling Defendant and that venue lies in this District pursuant to 28 U.S.C. §1391(b), (c) and §1395(a).  For purposes of this Consent Decree only,  Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.

## II.  PARTIES BOUND

2.     The obligations of this Consent Decree apply to and are binding upon the Plaintiffs and their departments, agencies and instrumentalities, and upon Settling Defendant and its respective successors and assigns.  Any change in ownership or corporate status of the Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the Settling Defendant's responsibilities under this Consent Decree.

## III.  DEFINITIONS

3.     This Consent Decree incorporates the definitions set forth in Section 101 of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601, Section 1321(a) of the CWA, 33 U.S.C. §1321(a), and in Section 11.14 of

the Natural Resource Damages regulations, 43 C.F.R. §11.14.   In addition, whenever the following terms are used in this Consent Decree, they shall have the following meanings:

a.      "Damage Assessment Costs" shall mean all costs associated with the planning, design, implementation, and oversight of the Plaintiffs' damage assessment process, which addresses the extent and quantification of the injury to, destruction of, or loss of Natural Resources and the services provided by those resources resulting from the release of hazardous substances, and the planning of restoration or replacement of such Natural Resources and the services provided by those resources, or the planning of the acquisition of equivalent resources or services, and any other costs necessary to carry out the Plaintiffs' responsibilities with respect to those Natural Resource injuries resulting directly or indirectly from the releases of hazardous substances, including all related enforcement costs.

b.      "Effective Date of this Consent Decree" shall mean the date on which the District Court approves and signs this Consent Decree as a judgment.

c.      "Date of Lodging" shall mean the date on which the Plaintiffs give the Court notice of the Consent Decree, subject to the public comment period referred to in Section XIII (Public Comment).

d.      "Day" means a calendar day unless expressly stated to be a working day.  "Working Day" shall mean a day other than a Saturday, Sunday, or Federal holiday.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

e.      "Interest" shall mean interest at the rate specified for interest in 28 U.S.C. § 1961.  The applicable rate of interest shall be the rate in effect at the time the

interest accrues.  The rate of interest is subject to change on October 1 of each year.

f.      "Natural Resource" or "Natural Resources" shall mean land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States or the State of Kansas at the Waco Kansas Site.

g.      "Natural Resource Damages" shall mean any damages recoverable by the United States or Kansas on behalf of the public under the Section 311(f) of the Clean Water Act, 33 U.S.C. § 1321(f), or Section 107 of CERCLA, 42 U.S.C. § 9607, for injury to, destruction of, loss of, loss of use of, or impairment of Natural Resources resulting from the release or discharge of hazardous substances from Settling Defendant's Properties, including, but not limited to:  (i) the costs of assessing such injury, destruction, loss or impairment arising from or relating to such release of hazardous substances; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost Natural Resources or of acquisition of equivalent Natural Resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, loss, loss of use, or impairment of Natural Resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15.

h.      "NRDAR Fund" means DOI's Natural Resource Damage Assessment and Restoration Fund.

i.      "Paragraph" shall mean a portion of this Consent Decree identified by Arabic numeral.

j.      "Parties" shall mean the Plaintiffs and E. I. du Pont de Nemours and Company.

k.      "Plaintiffs" shall mean the United States, on behalf of DOI, and the State of Kansas by and through KDHE, and the Secretary of KDHE.

l.      "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m.      "Settling Defendant" shall mean E. I. du Pont de Nemours and Company.

n.      "Settling Defendant's Properties" shall mean the mining claims, mines and real property owned and/or operated prior to the lodging of this Consent Decree by the Settling Defendant or its predecessors in interest at the Waco Kansas Site.   A map identifying these areas of the Waco Kansas Site is attached hereto as Attachment A.

o.      "State" shall mean the State of Kansas, including its departments, agencies, and instrumentalities.

p.      "Trustees" shall mean the Trustees for the natural resources damaged, injured or lost as a result of releases or discharges of hazardous substances from the Settling Defendant's Properties who in this case are the Secretary of KDHE and the United States Department of the Interior.

q.      "United States" shall mean the United State of America, including its departments, agencies, and instrumentalities.

r.      "Waco Kansas Site" for purposes of this Consent Decree shall mean the Waco Subsite of the Cherokee County, Kansas Superfund Site, encompassing approximately 560 acres, located approximately six miles north of Riverton, Kansas, 11 miles south of Pittsburgh, Kansas and four miles west of Carl Junction, Missouri in Cherokee County, Kansas, and depicted generally on the map attached as Attachment A.  The Waco

Kansas Site includes an unnamed tributary (SW-W4) to Cow Creek and  Cow Creek but does not include any areas downstream of its confluence with the Spring River.

## IV.  <u>PAYMENTS</u>

4.      The Settling Defendant shall pay a total of $252,739.00 to Plaintiffs as follows.

a.      Within thirty (30) days of the Effective Date of this Consent Decree, the Settling Defendant shall pay the amount of $181,852.00 to the United States and the KDHE for Natural Resources Damages at the Waco Kansas Site, Kansas resulting from the release of hazardous substances at and/or from the Settling Defendant's Properties.  The $181,852.00 shall be utilized jointly by DOI and KDHE for the assessment, planning, restoration, rehabilitation, and/or acquisition of the equivalent of injured Natural Resources at the Waco Kansas Site and in area surface waters impacted by the release of hazardous substances at and/or from the Settling Defendant's Properties, and long-term management of Natural Resources in accordance with a final restoration plan to be developed by the KDHE and the DOI's U.S. Fish and Wildlife Service.  The total amount to be paid by the Settling Defendant in this Paragraph shall be managed as part of, and held in a distinct account within, DOI's NRDAR Fund.  This payment of $181,852.00 shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-11-2-1081/2, NRDAR Account No. 14X5198, and "Natural Resource Damages at the Waco Kansas Site, Cherokee County, KS."   Payment shall be made in accordance with instructions provided to the Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of Kansas.  Any payments received by the Department of Justice after 4:00 p.m.

(Eastern Time) will be credited on the next business day.  At the time of payment, the Settling Defendant shall send written notice of payment and a copy of any transmittal documentation to the Plaintiffs in accordance with Section XIV (Notices).

   b.  Within thirty (30) days of the Effective Date of this Consent Decree, Settling Defendant shall make a further payment of $12,505.00 plus Interest from the Date of Lodging to the United States to reimburse the DOI for Damage Assessment costs at the Waco Kansas Site.  This payment of $12,505.00 shall be made by EFT to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-11-2-1081/2, NRDAR Account No. 14X5198, and "United States Natural Resource Damages Past Costs re Waco Kansas Site, Cherokee County, KS." Payment shall be made in accordance with written instructions provided to the Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of Kansas after the lodging of this Consent Decree.

   c.  Within thirty (30) days of the Effective Date of this Consent Decree, Settling Defendant shall make a further payment of $58,382.00 to the State by certified or cashier's check payable to the "Kansas Department of Health and Environment" to reimburse the State for Damage Assessment Costs at the Waco Kansas Site.  The total amount paid under this paragraph 4.c. shall be delivered to:

      Bureau of Environmental Field Services
      Attn: Leo Henning
      Charles Curtis Building
      1000 SW Jackson, Suite 430
      Topeka, Kansas  66612-1367

## V.  PENALTIES FOR LATE PAYMENTS

   5.  If any payment required by Section IV (Payments) is not made by the date

specified in that Section, Settling Defendant shall be liable for the following stipulated penalties for each day such payment is late:

| Days Late | Penalty |
|---|---|
| 1-10 | $1,000/day |
| 11-30 | $2,000/day |
| Beyond 31 Days | $3,000/day |

6.     Stipulated penalties are due within thirty (30) days following receipt by Settling Defendant of a written demand by any of the Plaintiffs for late payment of such stipulated penalties.

7.     Penalties shall accrue as provided in this Section regardless of whether Plaintiffs have notified Settling Defendant of the payment delinquency or made a demand for payment, but need only be paid upon written demand by any Plaintiff for payment of such stipulated penalties.  Any such written notice and demand shall indentify to which Plaintiff payments shall be made, with a copy to all Parties to this Consent Decree.  All penalties shall begin to accrue on the day after payment was due and shall continue to accrue through the date payment is made.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

8.     All stipulated penalties owed by Settling Defendant shall be paid to the United States by means of a certified or cashier's check payable to the "U.S. Department of the Interior" and delivered to:

> U.S. Department of the Interior
> NBC/Division of Financial Management Services
> Branch of Accounting Operations

Mail Stop D-2777
7401 W. Mansfield Avenue
Lakewood, CO 80235

The following information is to be included with the check:
Account No. 14X5198 (NRDAR)
Waco Kansas Site
Cherokee County, Kansas
E.I. du Pont de Nemours and Company

9.      In addition to the stipulated penalties provided in this Section, if any payment required by Section IV (Payments) or by this Section of this Decree is not made by the date it is due, Settling Defendant shall be liable for Interest on the amount due which shall be paid to the NRDAR account as described above.

10.      In addition to the stipulated penalties and Interest as provided in this Section, if the payments required by Section IV of this Consent Decree or the stipulated penalties provided for by this Section are not made, Settling Defendant shall be liable for any costs and attorneys fees incurred by Plaintiffs in collecting any amounts owed.

11.      Payments due under this Section shall be in addition to any other remedies or sanctions that may be available to the Plaintiffs on account of Settling Defendant's failure to comply with the terms of this Consent Decree.

## VI.    EFFECT OF SETTLEMENT

12.      Except as specifically provided in Paragraphs 13-15 of this Consent Decree (Reservation of Rights), Plaintiffs covenant not to sue or to take civil or administrative action against Settling Defendant for Natural Resource Damages under CERCLA, 42, U.S.C. § 9607, the Clean Water Act, 33 U.S.C. §1321(f), or other federal, State or common law at the Waco Kansas Site resulting from the release of hazardous substances at and/or from the Settling Defendant's Properties.  This covenant not to sue takes effect upon the Effective

Date and is conditioned upon the satisfactory performance by the Settling Defendant of its obligations under this Consent Decree.  This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VII.  RESERVATION OF RIGHTS

13.      Notwithstanding any other provision of this Consent Decree, Plaintiffs reserve the right to institute proceedings against the Settling Defendant in this action or in a new action for recovery of Natural Resource Damages based on

a.      an injury to, destruction of, or loss of Natural Resources resulting from conditions at the Settling Defendant's Properties that were unknown to the Plaintiffs as of the Date of Lodging of this Consent Decree ("Unknown Conditions"); or

b.      information received by the Plaintiffs after the Date of Lodging of this Consent Decree that indicates that Settling Defendant or one of its predecessors in interest is or was the owner or operator of mining properties which contributed to the injury to, destruction of, or loss of Natural Resources at the Waco Kansas Site other than from the Settling Defendant's Properties, or that the Settling Defendant's Properties contributed to a greater proportion of the Natural Resource Damages quantified by the Trustees as of the Date of Lodging of the Consent Decree than known by the Plaintiffs as of the Date of Lodging of this Consent Decree ("New Information").  No condition shall be deemed an "Unknown Condition" if the condition is identified in, or could be reasonably determined from, documents and data in the possession of the KDHE, DOI or EPA on or before the Date of Lodging of this Consent Decree, including any information developed by one or more of the Plaintiffs based thereon.   No information shall be deemed "New Information" if the information is contained in, or could be reasonably determined from, documents and data in

---

the possession of the KDHE, DOI or EPA on or before the Date of Lodging of this Consent

Decree, including any information developed by the Plaintiffs based thereon.

14.     Notwithstanding any other provision of this Consent Decree, the covenant not

to sue in Paragraph 12 shall apply only to matters addressed in that Paragraph and

specifically shall not apply to the following claims:

a.      claims for recovery of Natural Resource Damages in any area

outside of the Waco Kansas Site resulting from the release of hazardous substances at and/or

from the Settling Defendant's Properties or elsewhere;

b.      claims based on a failure by the Settling Defendant to satisfy any

requirement imposed upon it by this Consent Decree;

c.      claims for criminal liability;

d.      claims for recovery of  costs of removal or remedial action, injunctive

relief or administrative order enforcement under CERCLA Sections 106 or 107, 42 U.S.C.

§§ 9606, 9607 including claims under Section 107(a)(4)(D), 42 U.S.C. § 9607(a)(4)(D), for

costs of any health assessment or health effects study carried out under 42 U.S.C. § 9604(i);

e.      claims arising from any disposal of hazardous substances at and/or

from the Settling Defendant's Properties after the Date of Lodging of this Consent Decree;

f.      claims arising from the disposal or arrangement of the disposal of

hazardous substances at any real property, mine or mining claim that does not fall within the

definition of Settling Defendant's Properties; and

g.      claims for any other costs incurred or to be incurred by the United

States or by the State that are not within the definition of Natural Resource Damages.

15.     In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other relief relating to the Waco Kansas Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiffs set forth in Paragraph 12 above.

## VIII.  COVENANTS BY THE SETTLING DEFENDANT

16.     The Settling Defendant hereby covenants not to sue or to assert any claims or causes of action against the Plaintiffs with respect to the Waco Kansas Site, including, but not limited to:

a.     Any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. §9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law;

b.     Any claims against the United States, including any department, agency or instrumentality of the United States, or the State of Kansas under CERCLA Sections 107 or 113, relating to Natural Resource Damages within the Waco Kansas Site resulting from the release of hazardous substances at and/or from the Settling Defendant's Properties;

c.     Any claims against the State of Kansas before the Kansas joint committee on special claims, relating to Natural Resource Damages resulting from hazardous substance releases or discharges at and/or from the Settling Defendant's properties.

17.     Settling Defendant reserves its right to contest any claims alleged to be reserved by Section VII of this Consent Decree (Reservation of Rights), and the Settling Defendant does not by consenting to this Consent Decree, waive any defenses to such claims except as provided in Paragraph 15 above.

18.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611 or 40 C.F.R. § 300.700(d).

19.     The Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to Natural Resource Damages at the Waco Kansas Site or this Consent Decree, it will notify the United States and the State in writing no later than sixty (60) days prior to the initiation of such suit or claim, unless the giving of such advance notice would subject such suit or claim to a defense that it is barred by the statute of limitations or other time-related defense.

## IX.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

20.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a signatory to this Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law.  Each of the Parties, including the Settling Defendant, expressly reserves any and all rights (including, but not limited to, any right to contribution) defenses, claims, demands and causes of action that it may have against any person not a signatory hereto.

21.     The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendant is entitled, as of the Effective Date, to protection from contribution

actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or otherwise provided by State or common law, for Natural Resource Damages at the Waco Kansas Site resulting from the release of hazardous substances at and/or from the Settling Defendant's Properties.

22.     The Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify in writing the United States and the State within ten (10) days of service of the complaint.     In addition, Settling Defendant shall notify the United States and the State within ten (10) days of receipt of any Motion for Summary Judgment with respect to such a claim, and within ten (10) days of receipt of any order from a court setting such a case for trial.  Plaintiffs acknowledge that Settling Defendant has already notified the Plaintiffs of the complaint filed against it in <u>Asarco v. NL Industries, et. al.</u>, 3:11-cv-00138 (W.D. Mo.) and that Settling Defendant has filed a Motion for Summary Judgment in that action.

## X.  <u>SIGNATURE</u>

23.     The undersigned representative of the Settling Defendant certifies that he is fully authorized to enter into the terms and conditions of this Consent Decree, to legally execute this Consent Decree, and to bind the party he represents to this Consent Decree.

24.     This Consent Decree may be signed in counterparts and such counterpart signature pages shall be given full force and effect.

## XI.  <u>ENTIRE AGREEMENT</u>

25.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding between the Plaintiffs and the Settling Defendant with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and

understandings, whether oral or written between Plaintiffs and the Settling Defendant.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XII.  MODIFICATIONS

26.    Any material modifications of this Consent Decree shall be made by agreement of all of the Parties to this Consent Decree, in writing, and shall not take effect unless approved by the Court.  Any non-material modifications of this Consent Decree shall be made by agreement of all of the Parties to this Consent Decree in writing.  Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XIII.  LODGING AND PUBLIC COMMENT

27.    The Parties acknowledge that this Consent Decree will be subject to a public comment period of not less than thirty (30) days.  Consequently, entry of the Consent Decree after lodging shall be deferred to allow the time necessary for the Plaintiffs to obtain and evaluate public comments on this Consent Decree.  The Plaintiffs reserve the right to withdraw their consent to this Consent Decree if comments received disclose facts or considerations that show that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree by the Court without further notice.  Settling Defendant further agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless either the United States or State of Kansas has notified the Settling Defendant in writing that it no longer supports entry of the Consent Decree.

## XIV.  <u>NOTICES</u>

28.     Any notice required hereunder shall be in writing and shall be delivered to the following:

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: D0J #  90-11-2-1081/2

Restoration Fund Manager
Natural Resource Damage Assessment and Restoration Program
U.S. Department of the Interior
1849 C Street, NW, MS - 4449
Washington, D.C. 20240
Re:  Waco Kansas Site, KS

Field Supervisor
Manhattan Ecological Services Field Office
U.S. Fish and Wildlife Service
2609 Anderson Ave.
Manhattan, KS 66502

Mary Lynn Taylor
U.S. Department of the Interior
Office of the Solicitor
Three Parkway Center, Suite 385
Pittsburgh, PA 15220

As to the State of Kansas:

Leo Henning
Bureau of Environmental Field Services
Kansas Department of Health and Environment
Charles Curtis Building
1000 SW Jackson, Suite 430
Topeka, Kansas 66612-1367

Shari Feist Albrecht
Special Assistant Attorney General,

Natural Resource Damages
Kansas Department of Health and Environment
Office of Legal Services
Charles Curtis Building
1000 SW Jackson Suite 560
Topeka, KS 66612-1368

As to the Settling Defendant:

E.I. du Pont de Nemours and Company
Chief Environmental Counsel
DuPont Legal
1007 Market Street
Wilmington, DE 19805

E.I. du Pont de Nemours and Company
Director, Corporate Remediation Group
Route 141 and Lancaster Pike
Chestnut Run Plaza – Bldg. 715
Wilmington, DE 19805

29.     Each Party to this Consent Decree may change the person(s) it has designated to receive notice for that Party, or the addresses for such notice, by filing a written notice of such change with the Court and serving said notice on each of the other Parties to this Decree.

30.     Settling Defendant hereby agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of Civil Procedure and any other applicable Local Rules of this Court including, but not limited to, service of a summons.  The Parties agree that Settling Defendant need not file an answer to the Complaint in this action unless or until this Court expressly declines to enter this Consent Decree.

## XV.  <u>JUDGMENT</u>

31.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the Plaintiffs and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**IT IS SO ORDERED**

**DATED:** June 6, 2012

s/ Eric F. Melgren
**UNITED STATES DISTRICT JUDGE**
**DISTRICT OF KANSAS**

FOR THE UNITED STATES OF AMERICA:

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States, et al.</u> <u>v. E. I. du Pont de Nemours and Company,</u> subject to the public notice and comment requirements of Section XIII of this Consent Decree.

Date: 4/4/12

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 4/19/12

ELIZABETH L. LOEB
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-6583 fax
(202) 616-8916 direct
Elizabeth.Loeb@usdoj.gov

BARRY R. GRISSOM
United States Attorney
District of Kansas


/s/ Emily Metzger
EMILY METZGER
Assistant United States Attorney
Kansas State Bar No. 10750
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Facsimile: (913) 551-6541

FOR THE KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT

WE HEREBY CONSENT to the entry of the Consent Decree in United States, *et al.* E. I. du Pont de Nemours and Company, subject to the public notice and comment requirements of Section XIII of this Consent Decree.

Robert Moser, M.D., Secretary
Kansas Department of Health and Environment

Date: 03/21/2012

Shari Feist Albrecht
Special Assistant Attorney General
KS. Supreme Court No. 12085
Kansas Department of Health and Environment
Office of Legal Services, Suite 560
1000 SW Jackson Street
Topeka, Kansas 66612-1371
(785) 296-1607
(785) 296-7119 fax
sfeistalbrecht@kdheks.gov

United States et al. v. E. I. du Pont Consent Decree

FOR SETTLING DEFENDANT:

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. E. I. du Pont de Nemours and Company

Date: 3/12/2012

Tom A. Ei
Remediation Team Manager
DuPont Corporate Remediation Group
Chestnut Run Plaza 715-204
974 Centre Road
P.O. Box 2915
Wilmington, DE 19805
(302) 999-2659 (tel)
(302) 999-2497 (fax)
Tom.A.Ei@USA.DuPont.com

Agent Authorized to Accept Service on Behalf of Above Signed Party:

Name: GUY V. JOHNSON

Title: CORPORATE COUNSEL

Address: DuPont Co. - LEGAL D-7090-2
1007 MARKET St. WILMINGTON, DE 19898

Phone Number: (302) 774-5113



## Attachment A: Waco Subsite, Grasselli Lease Boundary, SW-W4, and Cow Creek; Cherokee County, Kansas





